

# NUMBER 13-25-00616-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE TLP MANAGEMENT SERVICES, LLC D/B/A TRANSMONTAIGNE AND TRANSMONTAIGNE OPERATING GP LLC A/K/A TRANSMONTAIGNE PARTNERS LLC

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and West
### Memorandum Opinion by Justice Peña

By petition for writ of mandamus, relators TLP Management Services, LLC d/b/a TransMontaigne and TransMontaigne Operating GP LLC a/k/a TransMontaigne Partners LLC assert that the trial court[1] abused its discretion by "compelling the wholesale

---

[1] This original proceeding arises from trial court cause number 2024-DCL-06449 in the 404th District Court of Cameron County, Texas, and the respondent is the Honorable Ricardo M. Adobbati. *See* TEX. R. APP. P. 52.2.

production of all vehicle incident forms and incident report detail files that reflect wrecks involving company vehicles" for a period of eight years. We conditionally grant the petition for writ of mandamus.

## I.   BACKGROUND

This original proceeding arises from a vehicular collision that occurred on August 29, 2024, at the intersection of State Highway 48 and FM 802 in Brownsville, Texas. Real party in interest Amanda Green was traveling southwest on State Highway 48 when Juan Gabriel Galvan, an employee of TLP Management Services, LLC, made a left turn across the westbound lanes and collided with Green's vehicle. Green filed suit against Galvan and relators alleging that she sustained severe personal injuries in the collision and asserting that they were negligent and grossly negligent. Green alleged that Galvan was negligent, negligent per se, and grossly negligent in various respects, and that he was acting within the course and scope of his employment with relators at the time of the accident. Green alleged that relators were liable by virtue of respondeat superior and were "independently negligent and grossly negligent because of their hiring, supervision, retention, and training" of Galvan. Green further asserted that relators' facility managers and safety directors, acting as relators' vice principals, ratified Galvan's acts. Finally, Green also contended that relators were liable because they were engaged in a joint enterprise.

Green propounded discovery to relators which included the two requests for production at issue in this original proceeding:

62.   Copies of all the Trans[M]ontaigne vehicle incident forms from 2013–present that reflect wrecks involving company vehicles.

63.     Copies of all the Trans[M]ontaigne incident report detail files from 2013–present that reflect wrecks involving company vehicles.

Relators objected to these requests on grounds that the requests were "vague, overbroad, and not sufficiently limited in time or scope," that the requests sought information about past occurrences "without limitation to reasonably similar circumstances," that the requests sought "information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence," and that the requests constituted impermissible "fishing expedition[s]."

Green filed a motion to compel relators to respond to these requests for production. She asserted that the requests for production were reasonably calculated to lead to the discovery of admissible evidence, were related directly to the issues of liability and fault for the collision, and that the requests were "narrowly tailored in response to answers given during deposition testimony." Relators filed a response to Green's motion to compel contending in relevant part that:

> The discovery requests at issue are vague, overbroad, and seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the [r]equests at issue seek the discovery of information of prior accidents without any proper limitation. The [r]equests at issue amount to nothing more than an impermissible "fishing expedition" rejected by the Texas Supreme Court.

The trial court held a non-evidentiary hearing on Green's motion to compel. Green's counsel asserted, *inter alia*, that the discovery was relevant because relators failed to require Galvan to undergo federally-mandated drug tests, and relators' safety director had confirmed in deposition testimony that relators do not routinely require post-accident drug tests and instead require them only on a case-by-case basis. Green's counsel thus argued that the discovery was necessary to show that relators regularly

violated federal standards. In contrast, relators' counsel argued that the requests were overbroad because they spanned a twelve-year period and because they were not limited in scope to a specific geographic region. In this regard, relators' counsel asserted that relators possessed 54 terminal facilities cross the United States. Relators' counsel further asserted that the discovery requests were improper insofar as they were not limited to similar occurrences. The trial court ordered relators to produce the requested documents for the eight-year period prior to the collision at issue in the case.

This original proceeding ensued. By two issues, relators assert that: (1) the trial court abused its discretion by compelling the production of all vehicle incident forms and incident report detail files that reflect wrecks involving company vehicles for an eight-year period because (a) the order is not reasonably limited in time, geography, or scope; (b) information about other employees' drug tests and accidents are not relevant to negligence or gross negligence claims; and (c) there has been no allegation of the driver being under the influence of drugs or alcohol; and (2) relators lack an adequate remedy by appeal. Relators also filed an emergency motion for temporary relief seeking to stay the order at issue pending the resolution of their petition for writ of mandamus.

The Court granted relators' motion for temporary relief and requested and received a response to the petition for writ of mandamus from Green. *See* TEX. R. APP. P. 52.2, 52.4, 52.8, 52.10. Green contends that the petition for writ of mandamus is moot; that the trial court did not abuse its discretion in ordering relevant discovery that was reasonably tailored to the needs of the case; and that relators possess an adequate remedy by appeal. Relators have filed a reply to Green's response.[2]

---

[2] Relators filed a motion for leave to file an amended petition for writ of mandamus in this cause.

4

## II.   STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## III.   ANALYSIS

In two issues, relators contend that: (1) the trial court abused its discretion by granting Green's motion to compel; and (2) they lack an adequate remedy by appeal to address this error. Green asserts otherwise.

## A.   Applicable Law

The Texas Rules of Civil Procedure define the scope of discovery as follows:

> In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

TEX. R. CIV. P. 192.3(a). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

---

We grant relators' motion for leave and consider the amended petition for writ of mandamus on the merits.

consequence in determining the action." TEX. R. EVID. 401. We evaluate the relevancy of discovery on a case-by-case basis by considering the pleadings and the instrumentality of the alleged injury. *In re Sun Coast Res., Inc.*, 562 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *see In re Plains Pipeline, L.P.*, 618 S.W.3d 780, 790 (Tex. App.—El Paso 2020, orig. proceeding).

The scope of discovery is generally within the trial court's discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 831 (Tex. 2022) (orig. proceeding) (per curiam); *In re Cent. Or. Truck Co.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam). "Because the purpose of discovery is to enable courts to decide disputes based on what the facts reveal, not by what facts are concealed, the rules must be liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding) (citation modified). Nevertheless, "[a] discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)). In this regard, "discovery requests and orders are overbroad if they are not properly tailored with regard to time, place, or subject matter, or otherwise require production of information that is not reasonably calculated to lead to the discovery of admissible evidence." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 252 (citation modified).

An order requiring the production of irrelevant matters constitutes an abuse of discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d at 832; *In re Cont. Freighters, Inc.*,

6

646 S.W.3d 810, 814 (Tex. 2022) (orig. proceeding) (per curiam). Further, it is an abuse of discretion "for courts to enforce overbroad requests for irrelevant information regardless of whether the requests are burdensome." *In re Cont. Freighters, Inc.*, 646 S.W.3d at 814; *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding) (per curiam). As such, requests for discovery "must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

## B. Mootness

Green asserts that relators' petition for writ of mandamus is moot because the trial court ordered relators to produce the documents by November 17, 2025, and this Court stayed that order the following day on November 18, 2025.[3] Green asserts that the trial court's order was not "live" and had "expired" when we issued our stay order, that this Court would have to "revive" the order to address it, and that any ruling thereon would constitute an advisory opinion.

"[A] court cannot decide a case that has become moot during the pendency of the litigation," because "[a]ny ruling on the merits of a moot issue constitutes an advisory opinion, which we lack jurisdiction to issue." *In re T.V.T.*, 675 S.W.3d 303, 306 (Tex. 2023) (per curiam) (first quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex.

---

[3] The chronology of events is not as clear-cut as Green suggests. The trial court held its hearing on Green's motion to compel on November 10, 2025, and at the hearing the trial court ordered relators to produce the discovery at issue on or before the parties mediated the case, which, according to the parties' argument, was scheduled to occur on December 19, 2025. Relators filed this petition for writ of mandamus and their emergency motion for temporary stay on November 17, 2025. This Court stayed the trial court's ruling by order issued on November 18, 2025. The supplemental mandamus record includes the trial court's written order granting Green's motion to compel. The trial court's written order requires relators to produce the discovery "on or before November 17, 2025"; however, the trial court's written order was not signed until November 20, 2025.

2012), and then quoting *In re J.J.R.S.*, 627 S.W.3d 211, 225 (Tex. 2021)). "A case or part of a case (like the discovery dispute here) will become moot if 'a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.'" *In re Cont. Freighters, Inc.*, 646 S.W.3d at 813 (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)).

Green cites no authority in favor of her assertion that relators' petition for writ of mandamus is moot because the deadline for production of the discovery at issue passed in the interim between the date that relators filed this original proceeding and the date that we issued the stay order. The order requiring relators to produce the discovery has not been reversed, vacated or otherwise set aside. We conclude that relators' petition for writ of mandamus presents a justiciable controversy, and accordingly, we proceed to address the merits. *See In re Cont. Freighters, Inc.*, 646 S.W.3d at 813; *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737.

## C.    Abuse of Discretion

Relators contend that the trial court abused its discretion by ordering them to produce documents in response to the requests for production because the requests are overbroad in terms of time, location, and scope. Green argues, in contrast, that relators failed to administer a mandatory post-accident drug test to its driver, and testimony from relators' employees "established that the entire company, nationwide, does not comply with . . . post-accident drug testing requirements." Green thus asserts that the trial court's order was reasonably calculated to lead to the discovery of admissible evidence regarding relators' "[n]ational [s]cheme to circumvent mandatory post-accident drug testing of [their] employees" and her cause of action for gross negligence by ratification of a vice-principal.

8

We begin by addressing the time frame for the discovery requests. A discovery order that requires the production of documents "from an unreasonably long time period" is "impermissibly overbroad and may be subject to mandamus relief." *In re CSX Corp.*, 124 S.W.3d at 152 ("Discovery orders requiring document production from an unreasonably long time period . . . are impermissibly overbroad."); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d at 175; *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 252; *In re Nat'l Lloyds Ins.*, 507 S.W.3d 219, 224 (Tex. 2016) (orig. proceeding) (per curiam). Green's requests for production sought discovery for a twelve-year span of time; however, the trial court limited the scope of production to an eight-year period. Relators offer no specific argument that discovery encompassing this period, as limited, is excessive. *See* TEX. R. APP. P. 52.3(h). The Texas Supreme Court and this Court, among others, have held that discovery spanning a decade may not be unreasonable or overbroad. *See In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d at 175–76 (concluding that discovery covering a period from five years before an accident to five years after was not impermissibly overbroad); *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 531 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding [mand. dism'd]) ("While a discovery order that covered a ten-year period might be too broad under some circumstances, there is certainly nothing too broad as a matter of law about all discovery orders covering ten years."). In the absence of any specific arguments that an eight-year period is unreasonably long, or not likely to lead to the discovery of useful information, we reject relators' contentions that the time period for production is overbroad.

Next, we consider the geographic scope of the requests for production. Discovery requests must be "properly 'tailored' in terms of place or location." *See In re K & L Auto*

9

*Crushers, LLC*, 627 S.W.3d at 252. Orders that compel the production of discovery regarding "distant and unrelated locales are impermissibly overbroad." *In re CSX Corp.*, 124 S.W.3d at 152. Green's requests for production are not limited as to place or location, and relators assert that they possess numerous facilities across the United States. Under the circumstances present here, a multi-state search across all of relators' facilities is overbroad. *See In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 814–15 (collecting cases).

Finally, we turn our attention to relators' contentions that the discovery requests are overbroad because they are not limited in scope. In this regard, Green's discovery requests should be "reasonably tailored to [her] claims and the factual circumstances of the accident at issue in this case." *See id.* at 814. However, here, the discovery requests seek production of documents pertaining to all "wrecks involving company vehicles." We conclude that Green's discovery requests are not reasonably limited to her claims and the factual circumstances of the accident at issue in this case. *See id.* (concluding that discovery requests for all rear-end collisions nationwide were overbroad); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding) (per curiam) ("Discovery is limited to matters relevant to the case.").

Based on the foregoing, we agree with relators that the trial court abused its discretion by ordering overbroad discovery. Accordingly, we sustain relators' first issue.

## D. Remedy by Appeal

In their second issue, relators assert that they lack an adequate remedy by appeal to address the trial court's error. Green asserts, in contrast, that granting mandamus relief and thus denying her the requested discovery would compromise her ability to present and develop her case.

10

When the trial court allows discovery that exceeds the permissible scope allowed by the Texas Rules of Civil Procedure, the complaining party "lacks an adequate appellate remedy and is entitled to mandamus relief." *In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 70 (Tex. 2025) (orig. proceeding); *see In re Off. of Att'y Gen.*, 702 S.W.3d 360, 364 (Tex. 2024) (orig. proceeding) (per curiam); *In re Kuraray Am., Inc.*, 656 S.W.3d at 142.

We have concluded that the trial court abused its discretion by ordering the production of discovery that is overbroad, and thus "beyond the rules of procedure," and accordingly, we likewise determine that relators lack an adequate remedy by appeal. *See In re Kuraray Am., Inc.*, 656 S.W.3d at 142. We sustain relators' second issue.

## IV.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Green's response, relators' reply, the record, and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its orders regarding the discovery at issue, and to proceed in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to promptly comply.

L. ARON PEÑA JR.<br>
Justice

Delivered and filed on the
23rd day of December, 2025.

11